# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 07CR1408 WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| RICARDO MADRIGAL (9), and SALVADOR OJEDA-AMARILLAS (15), Defendants. | |

HAYES, Judge:

The matter before the Court is the period of excludable delay pursuant to Section 3161(h) of the Speedy Trial Act.

On August 31, 2007, this Court granted Plaintiff's motion (#128) pursuant to 18 U.S.C. § 3161(h)(8) for an extension of the seventy day statutory maximum trial date on the grounds that discovery is voluminous, including approximately ten months of court-authorized wiretaps on numerous telephones and approximately 18 search warrants. Plaintiff explained that it had reproduced approximately ten CDs containing thousands of hours of intercepted calls and approximately eight CDs containing hundreds of photographs, that the intercepted conversations were primarily in the Spanish language and many of the parties used coded language to describe drug-related transactions, and that discovery included approximately 75,000 pages of line sheets, 175 investigative reports, 55 drug exhibits and over 200 non-drug exhibits. Pursuant to the request of the Plaintiff, the Court made a finding of complexity and exclude the period of time between June 1, 2007 and December 7, 2007 in order to allow the defense counsel an opportunity to review and organize the voluminous discovery, to conduct

1  the required extensive investigation, and to effectively prepare pretrial motions.

2  On December 7, 2007, this Court held a status hearing with all parties and all counsel
3  present. All parties agreed that discovery continued to proceed expeditiously and that an
4  additional period of time was required to review the discovery prior to setting any dates for
5  motions and trial.

6  On February 1, 2007, this Court held a further status hearing with all parties and all
7  counsel present. Counsel for Defendants reported that the Government has continued to make
8  discovery materials available to all defense counsel. Counsel for Defendants reported that they
9  continue to review the extensive discovery materials and that a discovery dispute may arise.
10 The Court ordered Defendants to file any motion regarding wiretap discovery by February 15,
11 2008 and ordered the Government to respond to any motions by February 29, 2008. The Court
12 set a hearing regarding any discovery motions for March 7, 2008. The Court allowed all
13 counsel to be heard regarding a trial date and subsequently set a trial date for October 21, 2008
14 and a substantive motion hearing date for September 19, 2008. All parties agreed that the
15 motions hearing dates and the trial date were reasonable given the time required to complete
16 review of the extensive discovery materials and to adequately prepare for motions and trial.

17 On July 1, 2008, pursuant to the request of Defendant Ojeda-Amarillas, this Court
18 appointed new counsel for Defendant Ojeda-Amarillas.

19 On August 2, 2008, pursuant to the request of Defendant Madrigal, this Court appointed
20 new counsel for Defendant Madrigal.

21 On September 14, 2008, Defendant Ojeda-Amarillas filed a Motion to Continue the trial
22 date in order to allow his counsel to adequately prepare for trial. The Government did not
23 oppose the motion to continue the trial date.

24 On September 19, 2008, this Court held a hearing with Defendant Ojeda-Amarillas and
25 Defendant Madrigal. Defendant Madrigal joined in the motion to continue the trial date filed
26 by Defendant Ojeda-Amarillas. Both Defendants assert that the voluminous discovery in this
27 case require that their newly appointed counsel must have adequate time to review discovery
28 and prepare for trial. Counsel for both Defendants agreed that they could not be prepared for

trial prior to April of 2009.

## APPLICABLE LAW

18 U.S.C. Section 3161(h)(8)(A) provides that the Court may exclude any period of delay resulting from a continuance at the request of either party "if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Factors which a judge shall consider in determining whether to grant a continuance under subparagraph (A) include "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established . . .." Section 3161(h)(8)(B)(ii). "[N]o continuance period may be excluded unless the court makes reasonably explicit findings that demonstrate that the ends of justice served by granting the continuance do, in fact, outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983). The findings of the Court must be set forth with particularity. *Id.*

## RULING OF THE COURT

The Court set a new trial date in this case for April 21, 2009 upon the request of Defendant Ojeda-Amarillas and Defendant Madrigal in order to allow defense counsel adequate time to review discovery and prepare for motions and trial. The facts presented demonstrate that the ends of justice are served by granting a reasonable period of excludable delay until the trial date of April 21, 2009. The Court finds that the period of time between October 21, 2008 and April 21, 2009 should be excluded from the Speedy Trial clock in order to allow all defense counsel adequate time to evaluate the government's evidence, to prepare pretrial motions, and to prepare for trial. The Court finds that it is not in the best interest of the public or the Defendants to require that the Defendants proceed to trial without adequate time for all defense counsel to prepare for pretrial proceedings and for the trial itself.

IT IS HEREBY ORDERED that motion to continue the trial date (#422) filed by Defendant Ojeda-Amarillas and joined in by Defendant Madrigal is granted and a period of

1  excludable delay from October 21, 2008 to April 21, 2009 is allowed pursuant to 18 U.S.C. §
2  3161(h)(8), in addition to any time excludable pursuant to 18 U.S.C. § 3161(h)(F) resulting
3  from pretrial motions already filed.

DATED: September 19, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge