UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>  v.<br><br>  SALVADOR OJEDA-AMARILLAS (15),<br><br>                            Defendant. | Case No.:  07cr1408 / 21cv1877 - WQH<br><br>**ORDER** |

HAYES, Judge:

This matters pending before the Court are Defendant's motion pursuant to 28 U.S.C. § 2255. (ECF No. 937) and Defendant's motion to dismiss the §2255 pleading (ECF No. 942).

On May 31, 2007, a federal grand jury returned an indictment charging Defendant with conspiracy to import methamphetamine in violation of 21 U.S.C. §§ 952, 960 and 963; and conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On May 5, 2009, the jury was empaneled and the jury trial began.

On May 12, 2009, Defendant failed to appear for trial.  The Court issued an arrest warrant and the trial proceeded.

On May 14, 2009, the jury returned a verdict of guilty on all counts in absentia.

On December 7, 2016, Defendant was arrested.

On June 19, 2018, this Court sentenced Defendant to the 240 months term of imprisonment for conspiracy to import methamphetamine in violation of 21 U.S.C. §§ 952,

960 and 963; and conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant filed a notice of appeal from judgment. (ECF No. 908).

On April 13, 2020, the Court of Appeals affirmed the sentence and judgment. (ECF No. 911)

On October 5, 2020, the United States Supreme Court denied Defendant's petition for writ of certiorari. (ECF No. 939-1 at 14).

On November 1, 2021, Defendant filed a motion to vacate under 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel. Defendant contends that his counsel failed to investigate, failed to negotiate a plea bargain, and failed to present mitigating factors at sentencing. Defendant further asserts that the Court erred in calculating the base offense level and imposed a trial penalty at the time of sentencing.

On December 13, 2021, Plaintiff United States filed a response opposing the motion for relief under 28 U.S.C. § 2255 on the grounds that the motion was not timely filed. Plaintiff United States further asserts that Defendant failed to establish any grounds for ineffective assistance of counsel and failed to show any prejudice resulting from any alleged deficiencies.

On February 9, 2022, Defendant filed a motion to dismiss the § 2255 pleadings on the grounds that it is in his best interest to attain some relief through other measures.

**Time**

A one-year period of limitation applies to a motion under § 2255 that runs from the date on which either "the right asserted was initially recognized by the Court, if that right has been newly recognized by the Court and made retroactively applicable to cases on collateral review; or the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255 (f). In this case, Defendant's conviction became final on October 5, 2020 after the Supreme Court denied the petition for certiorari. Defendant filed his motion on November 1, 2020— over a year after his conviction became final. The Court will, however, address the merits of the motion for relief under 28 U.S.C. § 2255.

**Ineffective Assistance of Counsel**

To prevail on a claim that his defense counsel rendered ineffective assistance, Defendant must demonstrate: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 688–93 (1984). There is a "strong presumption that counsel's conduct falls within the wide range of professional assistance." *Id.* at 689. Under the prejudice prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "Because failure to meet either prong is fatal to [a defendant's] claim, there is no requirement that [courts] 'address both components of the inquiry if the defendant makes an insufficient showing on one.'" *Gonzalez v. Wong*, 667 F.3d 965, 987 (9th Cir. 2011) (quoting *Strickland*, 466 U.S. at 697).

In this case, the conduct of defense counsel falls well within "the wide range of professional assistance." *Strickland*, 466 U.S. at 689. The record establishes that defense counsel attempted to resolve the case prior to trial and attempted to reach a post-conviction sentencing agreement. The record established that defense counsel investigated the facts of the case and represented Defendant effectively at trial. The record further demonstrates that defense counsel presented mitigation at sentencing and that the Court took all relevant sentencing factors into consideration at the time of sentencing.

While Defendant failed to raise the claim that the Court erred in calculating the base offense level on direct appeal, the record conclusively establishes that the guidelines were properly calculated. The testimony of cooperating witnesses, subject to cross-examination, supported the finding of the Court at sentencing that Defendant "conspired with others to import and distribute approximately 66 pounds or 30 kilograms of pure methamphetamine within the San Diego County from 2003 through 2007." (ECF No. 939-1 at 36.) The Court calculated the guideline range and based the sentence on the facts of the case.

The files and records of this case conclusively show that Defendant is not entitled to relief under § 2255. The Court concludes that an evidentiary hearing is not required.

The district court may appoint counsel in the "interest of justice" in a Section 2255 action. 18 U.S.C. § 3006A(a)(2)(B). However, a review of the record in this case shows that the issues are clearly presented and appointment of counsel would not assist in the resolution of the issues.

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold substantial showing, petitioner must show that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024–25 (9th Cir. 2000). The issues raised by Defendant are not debatable among jurists of reason and cannot be resolved in a different manner. A certificate of appeal as to all claims presented in the § 2255 Motion is denied.

IT IS HEREBY ORDERED that Defendant's Motion pursuant to 28 U.S.C. § 2255. (ECF No. 937) is denied and the motion to dismiss the §2255 pleading (ECF No. 942) is denied as moot. A certificate of appeal as to all claims presented in the § 2255 Motion is denied.

Dated: March 1, 2022

Hon. William Q. Hayes
United States District Court