AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)        Page 1 of 2 (Page 2 Not for Public Disclosure)

**FILED**

**AUG 1 1 2025**

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## for the
### Southern District of California

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| SALVADOR OJEDA-AMARILLAS (15) | ) Case No: 07cr1408-WQH |
| | ) USM No: _____ |
| Date of Original Judgment: 06/21/2018 | ) |
| Date of Previous Amended Judgment: _____ | ) |
| *(Use Date of Last Amended Judgment if Any)* | Defendant's Attorney |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant was sentenced to 240 months in the custody of the Bureau of Prisons for conspiracy to import and distribute methamphetamine in violation of 21 U.S.C. §§ 841, 846, 952, 960 & 963. Defendant now moves for a reduced sentence under 18 U.S.C. § 3582(c)(2) as a result of the U.S. Sentencing Commission's amendments to USSG § 4C1.1, known as the "zero-point offender" provision, and USSG § 4A1.1, limiting the impact of criminal history "status points." (ECF No. 957.) However, Defendant does not qualify for a reduction under the "zero-point offender" provision, § 4C1.1(a)(7) and § 4C1.1(a)(10), because the Court found at sentencing that he possessed firearms in connection with the offense and he received an aggravating role enhancement under § 3B1.1(a), and these findings were affirmed by the Ninth Circuit on appeal. (See ECF No. 911.) Defendant does not qualify for a reduction related to the adjustment of the impact of "status points" because he received no criminal history "status points" at sentencing. Even if the Court had the discretion to grant Defendant's motions, the Court would decline to reduce Defendant's sentence because, although Defendant had no prior criminal history and has taken educational classes in custody, the Court finds that the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense under 18 U.S.C. § 3553(a) continues to support the sentence imposed. The 240-month custodial sentence is sufficient but not greater than necessary to comply with the purposes set forth in § 3553. The Motion for Reduction in Sentence is denied. (ECF No. 957.)

Except as otherwise provided, all provisions of the judgment dated ___06/21/2018___ shall remain in effect.
**IT IS SO ORDERED.**

Order Date: ___8/11/2025___

Effective Date: _____
*(if different from order date)*

Judge's signature

Hon. William Q. Hayes, U.S. District Judge
*Printed name and title*